**LA CHAPELLE v. UNITED SHOE MA-
CHINERY CORPORATION.**

Civ. A. No. 8678.

United States District Court
D. Massachusetts.

June 2, 1950.

722

Euclid I. LaChapelle, pro se, Joseph H. Elcock, Jr., Boston, Mass., for plaintiff.

Richard Wait, Choate, Hall & Stewart, Boston, Mass., for defendant.

FORD, District Judge.

This is an action by a private party brought to recover treble damages under the provisions of § 4 of the Clayton Act, 15 U.S.C.A. § 15, for injuries suffered by plaintiff in his business as a result of alleged violations by defendant of the anti-trust laws. Defendant has moved to dismiss the complaint for failure to state any cause of action on which relief can be granted.

■ There are two elements which plaintiff must allege in order to show a cause of action under 15 U.S.C.A. § 15; (1) that defendant has done something forbidden by the anti-trust laws and (2) that by reason thereof plaintiff has been injured in his business and property. Defendant contends that neither of these elements is sufficiently alleged in the complaint.

The complaint sets forth that between 1901 and 1922 the defendant and its predecessor corporation by the use of leases containing "tying clauses", later held in United Shoe Machinery Corp. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708, to violate § 3 of the Clayton Act, 15 U.S.C.A. § 14, attained a monopolistic control of the market in shoe machinery in the United States. It then alleges that from 1922 to the present date defendant has followed a course of conduct with the intent and purpose of continuing its monopolistic control. It enumerates various elements of said course of conduct—the making of "License Lease Agreements" with approximately 98% of the manufacturers of footwear in the United States which contain clauses alleged to be in effect substantially the same as the clauses condemned in 1922, the making of contracts with practically all inventors of shoe machinery in the United States as well as with other employees of defendant such as machinists and draftsmen, whereby such inventors and other employees are kept from competing with defendant for a long period of time after the termination of their employment. There are further allegations of agreements between defendant and the Singer Manufacturing Company whereby they agree not to compete, and whereby they make use of substantially the same form of License Lease Agreement. There is a vague allegation of misuse of patents in combination with other inventors of shoe machinery and with shoe manufacturers.

It is further alleged that as a result of the enumerated practices, defendant's monopoly in the shoe machinery business still exists; that defendant has supplied to shoe factories in the United States 85% of the essential machines now in use in the United States. More particularly it enumerates certain major operations which are performed by defendant's machines on what is variously alleged to be virtually all shoes, or over 90% of the shoes manufactured in the United States.

■ In regard to these allegations, defendant's brief and arguments have been directed to its contention that no act alleged to have been done by defendant is in itself a violation of any provision of the anti-trust laws. Even if we assume that defendant is correct in this contention, this does not dispose of the complaint. The gravamen of the complaint is that defendant has in the past obtained monopolistic control over the market for its product, that it has for many years been following a course of action intended to maintain that monopolistic control and that it has in fact succeeded in doing so. This would constitute a violation of § 2 of the Sherman Act, 15 U.S.C.A. § 2. It is not necessary that any single business practice or policy adopted by defendant should in itself violate the law. It is enough that they

should be constituent elements of a planned course of conduct which was intended, taken as a whole, to bring about or maintain a monopoly in violation of the law, and that the various elements in the plan should be of such a nature as to be adapted to use for the intended purpose, so as to give the plan a body, if not to actually accomplish that purpose. Swift and Co. v. United States, 196 U.S. 375, 396, 25 S.Ct. 276, 49 L.Ed. 518. The business practices of defendant set forth in the complaint are such as may be shown to reduce, if not to completely eliminate competition, and thus increase defendant's share of the market for its product. Even if we assume, without deciding, that these practices are lawful in themselves, when it is alleged that they are part of a deliberate plan to maintain monopolistic control and that such control has been maintained, it cannot be held as a matter of law at this stage of the proceedings that no violation of the anti-trust laws is set forth. Neither can it be held that the alleged extent of defendant's share of the shoe machinery market in the United States is not such as could be shown to give it such a dominant position in the market as to constitute a monopoly within the meaning of the Sherman Act. Consequently, it must be held that the complaint sufficiently alleges a violation by the defendant of the anti-trust laws.

This brings us to the question of whether plaintiff has alleged injury to his business which will give him a right of recovery under 15 U.S.C.A. § 15. The complaint sets forth that plaintiff is engaged in the business of inventing shoe machinery, that approximately 45 patents covering shoe machinery have been issued in his name, that as a result of the alleged monopoly defendant is now the only purchaser to whom he can dispose of his patents, and that thereby he has been forced to sell his patents to defendant at prices below their true value. The more frequent complaint against a monopoly is by one who seeks to buy and complains that since the monopolist controls the market he must therefore buy from the monopolistic seller at the latter's price, or not at all. But the injury is equally great to one who wishes to sell his product in a market subject to monopolistic control and must sell to the monopolist as the only available buyer, again on the monopolist's terms, or not at all. Here the injury is the direct result of the monopolistic condition which has been created, and the injured seller may recover under § 15. Defendant urges that the injury set forth is purely speculative. But its argument goes only to the problem of proof which may face the plaintiff. It may be difficult to show that his patents sold to defendant would have had in a market free from defendant's alleged monopolistic control a fair value greater than the price defendant actually paid him. But plaintiff has undertaken to prove that allegation and should be given his opportunity to do so.

Defendant's motion to dismiss the complaint is denied.